# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MICHAEL J. GROSSMAN,

    Plaintiff,               CIVIL ACTION NO. 08-CV-11237-DT

  vs.

                                  DISTRICT JUDGE PAUL D. BORMAN

MAZDA OF NORTH AMERICA,    MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,

    Defendants.
_____/

## OPINION AND ORDER
## GRANTING DEFENDANTS' MOTIONS TO AMEND DEFENSES
## AND
## GRANTING IN PART DEFENDANTS' MOTION TO PRECLUDE EXPERT
## TESTIMONY OR TO COMPEL DEPOSITIONS

      This matter comes before the Court on three discovery motions. Defendant Hertz Vehicles filed a Motion to Amend Affirmative Defenses on September 25, 2008. (Docket no. 22). Defendant Mazda of North America filed an identical Motion to Amend Affirmative Defenses on September 26, 2008. (Docket no. 23). Finally, Defendant Mazda filed a Motion to Preclude Expert Testimony for Plaintiff or to Compel Depositions of Plaintiff's Experts on September 26, 2008. (Docket no. 24). Defendant Hertz Vehicles joined in Mazda's Motion to Preclude Expert Testimony. (Docket no. 26). Plaintiff did not file a written response to any of these motions. The Court heard oral argument on these motions on November 5, 2008. Counsel for Plaintiff did not appear and neither the Court nor opposing counsel, Ms. Kelly and Mr. Padilla, was notified that Counsel Butler would not appear.

These motions have been referred to the undersigned for decision. (Docket no. 25). These motions are now ready for ruling.

**1.      Facts and Claims**

Plaintiff alleges in his Complaint counts sounding in product liability based on manufacturing and design defects, negligence, reckless conduct, and a violation of the Michigan Consumer Protection Act. (Docket no. 1). These claims pertain to the Mazda vehicle Plaintiff rented from Hertz. (*Id.*). Plaintiff allegedly had an accident in the car and injured one eye seriously such that it cannot be repaired. (*Id.*). The scheduling order entered on May 5, 2008 by Judge Borman requires lay and expert witnesses to be identified by June 27, 2008 for Plaintiff and by July 25, 2008 for Defendants. (Docket no. 11). That Order also sets a discovery closing date of October 31, 2008. (*Id.*).

Defendants' Motions to Amend Affirmative Defenses are the same for both Mazda and Hertz. They seek to add affirmative defenses under Mich. Comp. Laws §§ 600.2955a and 2959 which allow defenses when the person injured had an impaired ability to function due to being under the influence of a controlled substance. Defendants argue that Plaintiff admitted during his August 2008 deposition that he had ingested cocaine before the accident, and that the hospital records received in September 2008 show that cocaine was in Plaintiff's blood at the time of the accident. (Docket nos. 22, 23).

Defendants' other motion seeks to preclude testimony by Plaintiff's experts or to compel the experts' depositions because Plaintiff failed to timely disclose his experts. The record shows that Plaintiff has not filed an expert witness list. There has been some discussion among counsel, according to Defendants' counsel, that Plaintiff may retain Alexander Zhukov, Ph.D., as an expert

in accident reconstruction and automotive engineering.[1] Dr. Zhukov is apparently located in Maryland. According to Defendant Mazda's counsel, in a conversation at the beginning of October 2008 Plaintiff's counsel said that he intended to use as an expert Dr. Zhukov, but it was not clear to Defendant's counsel whether Plaintiff had retained (paid) Dr. Zhukov.

Defendants' counsel requested that Plaintiff's counsel file a witness list or identify experts, and even served notices on any unnamed experts of Plaintiff on September 9, 2008 for depositions beginning on September 22, 2008. (Docket no. 24 ex. B). However, according to Defendant Mazda's counsel, Plaintiff's counsel notified Defendants' counsel that the depositions would have to be rescheduled but failed to provide new dates for depositions. (Docket no. 24). Defendants ask that Plaintiff be precluded from offering expert testimony at trial or that the Court enter an order allowing them to depose Plaintiff's experts by a date certain.

## 2. Defendants' Motions to Amend Affirmative Defenses

Rule 15(a) provides that a party may amend its pleading once as a matter of course prior to service of a responsive pleading or within twenty days of serving its pleading if no responsive pleading is required. Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision whether to permit amendment is committed to the discretion of the trial court. *Lucas v. Schneider Nat'l Carriers, Inc.*, 953 F.2d 644 (6th Cir. 1992) (unpublished).

Leave of court is required before Defendants may amend their affirmative defenses. Fed. R. Civ. P. 15(a)(2). Defendants have shown that granting leave is required in this case to achieve

---

[1] Plaintiff apparently responded to Interrogatory No. 9 of Defendant Mazda's First Set of Interrogatories, served on June 20, 2008, by identifying Alexander Zhukov as an expert witness who had not been retained but who may testify as a witness.

justice. The defenses that Defendants wish to add are relevant to the newly discovered issues in the case. Defendants' Motion to Amend Affirmative Defenses will be granted.

### 3. Motions to Preclude Expert Testimony or to Compel Deposition of Experts

Plaintiff failed to properly identify his experts before the expiration of the deadline set by the Court's scheduling order which was June 27, 2008. (Docket no. 11). Discovery closed on October 31, 2008, and Plaintiff still has not filed a witness list properly identifying his expert witnesses. Plaintiff failed to identify and allow the deposition of his experts upon Defendants' Notice of Deposition served on September 9, 2008. Plaintiff has not offered any good cause for these failures.

Rule 26(a)(2)(C), Fed. R. Civ. P., requires a party to disclose its experts at the time the Court orders. In addition, Fed. R. Civ. P. 16(f)(1)(C) allows the Court to issue any just order, including sanctions authorized by Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii), if a party or attorney fails to obey a scheduling order or other pretrial order. Rule 37(c) also provides that if "a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

The Court will grant Defendants' Motion to Compel expert depositions pursuant to Fed. R. Civ. P. 37(a), (b), & (c), and Fed. R. Civ. P. 16(f)(1)(C). Defendants' counsel will notice the deposition of Alexander Zhukov, Ph.D. for his deposition which is to be completed on or before December 5, 2008. Plaintiff and Plaintiff's counsel, Mr. Butler, are advised that failure to comply with this Order may result in the granting of sanctions up to and including preclusion of expert testimony for Plaintiff by Dr. Zhukov, or by any other expert which may later be identified by Plaintiff, and dismissal of part or all of Plaintiff's case.

**IT IS THEREFORE ORDERED** that Defendants' Motions to Amend Affirmative Defenses (docket nos. 22, 23) are **GRANTED.** Defendants shall file such amended pleadings on or before November 12, 2008.

**IT IS FURTHER ORDERED** that Defendants' Motion to Preclude Expert Testimony or to Compel Deposition of Experts (docket no. 24) is **GRANTED** to the extent that the deposition of Plaintiff's expert is ordered to be completed as set out above on or before December 5, 2008.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: November 05, 2008        s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: November 05, 2008        s/ Lisa C. Bartlett
                                Courtroom Deputy